CARL WALCOTT v. THE STATE

No. 17813. Delivered December 11, 1935.

486.

 

The opinion states the case:

*Y. W. Holmes,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted as a delinquent child; penalty assessed at confinement in the State Juvenile Training School for a period of seven years.

In the complaint and information the appellant is charged with the theft of "one Ford 'V8' Tudor Sedan, 1935 Model, of the value of Seven Hundred Dollars." It is also averred that appellant was a minor under the age of seventeen years. The information follows the complaint.

Appellant waived a jury and submitted his case to the court. He was adjudged a delinquent child, found guilty of the offense and condemned to confinement in the State Juvenile Training School at Gatesville, Texas, for a term of seven years, "provided that the said Carl Walcott be not confined for a longer period than until he shall reach the age of twenty-one years." The judgment entered is in accord with the above.

There is no independent statement of the facts upon which the trial court acted. This court knows the facts only as they appear in the judgment and sentence.

We find in the record a document signed by the attorney for appellant in which the description of the property, as above set forth, is charged to be insufficient, and the further statement that there are no facts to show whether appellant was over the age of thirteen years, in consequence of which the judgment is based upon no legal foundation. Whether the matter was ever submitted to the court is not disclosed by bill of exception or otherwise. However, the contention under the record before us is not regarded as sound.

The motion for new trial, signed by appellant's counsel, likewise presents the matters last above discussed, with the additional statement that the offense charged was a felony.

The appellant, being a boy under seventeen years of age, was characterized by the statute as a delinquent child, and although the offense committed would have been a felony if committed by an adult, he would be punished as a delinquent child.

In the statute, Art. 1083, C. C. P., it is said: "Any such child committing any of the acts herein mentioned shall be deemed a delinquent child, and shall be proceeded against as such in the manner hereinafter provided," etc.

In Article 1090, C. C. P., it is said: "Any juvenile found by the court or jury to be a delinquent child shall be committed to the place or institution provided by law for such child, for an indeterminate period not extending beyond the time when such child shall reach the age of twenty-one years."

Upon the law as understood and the facts before us, the judgment is affirmed.

*Affirmed.*